RUSSELL, J.,
concurring in part and dissenting in part:
¶ 23. I concur with the majority that both the Board of Trustees and the circuit court used an incorrect date for determining disability. However, I disagree with the majority’s date of June 12, 2009, for determining disability. In my view, Lang’s termination date of November 6, 2009, is the proper date for determining disability. Therefore, I dissent in part.
¶ 24. As noted by the majority, PERS’s regulation on termination of service states:
For purposes of determining the effective date of benefits ... termination from covered service shall mean the *862 cessation of the employee-employer relationship as characterized by resignation or termination from employment, with or without cause. While a member may not be performing the duties of the job, if the member has not resigned or been terminated by the employer, the member is still considered employed.... In cases where the member is on authorized leave without pay ... such member is considered an employee of the agency....
PERS Board Regulation 45A(103)(2) (2007) (emphasis added). The cessation of Lang’s employee — employer relationship was characterized by her termination from MDOC on November 6, 2009. In my view, the fact that the State closed her disability case following her submission of medical records in June 2009 does not make that the determining date. Once Lang’s file was officially closed and Lang was notified, there was no open file to submit further medical records to, which may indicate that the file was prematurely closed.
¶ 25. Lang did not have a complete severance of employment in state service as contemplated by Mississippi Code Annotated section 25-11-113(l)(b) (Supp. 2011) prior to November 6, 2009. I would remand the case to the PERS Disability Committee for a hearing to determine whether Lang was disabled as of November 6, 2009.
IRVING, P.J, JOINS THIS OPINION.